SEWELL Z. ROBINSON *vs.* JULIA E. ROBINSON.

PROVIDENCE—MAY 21, 1900.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1)  *New Trial.  Evidence.  Competency of Husband or Wife.*

In an action by a husband against his divorced wife for services rendered during coverture, where the only evidence as to the alleged contract is that of the husband, the verdict in his favor will be set aside.

(2)  *Evidence.  Competency of Husband or Wife.*

Gen. Laws R. I. cap. 244, § 37, preventing a husband or wife from disclosing any communication between them during their marriage, except in trials for divorce, renders a husband an incompetent witness in an action brought by him against the wife, after the dissolution of the marriage, to recover for services rendered the latter during coverture.

(3)  *Construction of Statutes.  Public Policy.*

Gen. Laws R. I. cap. 244, § 37, is founded on reasons of public policy ; its provisions cannot be waived by the parties, although evidence in violation thereof is admitted without exception taken.

ASSUMPSIT brought by a husband to recover for services rendered the defendant, his former wife, during their marriage.  The facts sufficiently appear in the opinion.  Heard on petition of defendant for new trial, and new trial granted.

PER CURIAM.  The petition for a new trial on the ground that the verdict is against the evidence must be granted, because the alleged contract, being between husband and wife, is not supported by any competent testimony.  The husband was the only witness to the alleged contract, and under Gen. Laws R. I. cap. 244, § 37, the husband is not permitted to disclose any communication made to him by his wife during their marriage, except in trials for divorce.  No exception was taken on this ground, but, since the statute is founded on reasons of public policy, it cannot be waived by the parties. *Campbell* v. *Chace*, 12 R. I. 333.  Though the parties were not husband and wife at the time of the trial, the same reasons of policy would preclude a disclosure of the communica-

tion after the dissolution of the marriage as well as before, and such was the evident purpose of the statute.

The case is remitted to the Common Pleas Division, with direction to enter judgment for the defendant for costs.

*Franklin P. Owen,* for plaintiff.

*Robert W. Burbank,* for defendant.